## Mantis v. Rowe

*Ward T. Williams*, for plaintiffs.
*David H. Roland* and *Judith R. Cohn*, for defendants.

TREDINNICK, *J.,* May 13, 1977—Defendant, Lawrence N. Hurwitz, has appealed an order of this court directing him to appear in this county to be

deposed or suffer dismissal of preliminary objections he had filed contesting the jurisdiction of the court.[1]

The situation developed as follows: On February 26, 1976, plaintiffs filed a complaint averring, inter alia, that Hurwitz had committed certain acts which prejudiced their rights as stockholders of American Leisure Services, Inc. Defendants Rowe and Davis filed cross-claims against Hurwitz. The latter then preliminarily objected to the complaint and the cross-claims, alleging that he was a resident of Texas, did not do any acts by which jurisdiction attaches in Pennsylvania under its "Long Arm Statutes," and therefore is not subject to the jurisdiction of this court. Although the preliminary objections were not endorsed with a notice to plead, both plaintiffs and cross-claimant defendants filed answers to the preliminary objections denying the relevant allegations therein. Thereafter, plaintiffs and cross-claimants gave notice to Hurwitz' counsel of their intention to take his deposition on June 28, 1976, in Norristown. Hurwitz did not appear, and a "Motion to compel the deposition of defendant, Lawrence N. Hurwitz, pursuant to Rule 4019 of the Pennsylvania Rules of Civil Procedure" was filed. The disputed order followed in due course.

Hurwitz asserted two propositions in opposition to the motions: (1) That he may not be required to

---

1. Although interlocutory, the order is probably appealable. Under the provisions of the Act of March 5, 1925, P.L. 23, sec. 1, 12 P.S. §672, rulings on preliminary objections raising a question of jurisdiction may be appealed. Since the imposition of the sanction would in this case determine the question of jurisdiction, the order ought to be subject to review.

attend depositions "for use at a hearing upon petition" under Rule 4003(b) unless served with a subpoena and (2) In any event, Rule 4019 contains no authorization for the imposition of sanctions upon failure to appear for depositions to be taken pursuant to Rule 4003(b).[2] It will be noted that defendant neither denies the general power of the court to direct him to appear for depositions, nor contends that to do so in this case constitutes an abuse of discretion.

It is quite clear that no subpoena is necessary under Rule 4003(b) to compel the attendance of a witness at depositions. The rule quite clearly states that "notice" is sufficient. Hurwitz suggests that 4 Goodrich-Amram, paragraph 4018-13, page 375, supports his argument, and indeed it appears to. However, a careful reading of the cases which support the text reveals that it was based upon a prior version of Rule 4019(a)(2), which then provided for sanctions if "a party . . . *after being subpoenaed, wilfully fails to answer* . . ." (Emphasis supplied.) The rule was amended in 1966 to delete the italicized phrase. Service of notice of deposition on the attorney for the adversary-witness is all that is required. He must appear without subpoena. (See, Goodrich-Amram, Standard Pa. Practice, 4018-13

---

2. The notice scheduling the deposition did not identify under which rule the depositions were to be taken. Arguably, they could be considered discovery depositions under Rule 4007. Rule 4019 authorizes sanctions in respect to 4007 depositions. We do not support the order on this basis, however, as it seems clear that the primary purpose of this deposition was in support of plaintiffs' position on the preliminary objections, i.e., they were to be 4003(b) depositions.

(Supp. 1976), and 5A Anderson Pa. Civ. Prac. §4019.4.)

Thus it appears that defendant, Hurwitz, having been properly notified, should have appeared for the deposition.

While defendant has not questioned the power of the court to direct defendant to appear for depositions (except to contend that a subpoena is necessary), it is appropriate to note that the court is explicitly empowered to do so by Rule 209. That rule provides that after the filing of a petition[3] and answer, if the moving party (the defendant) does not proceed with depositions or order the case for argument within fifteen days, respondent (plaintiff here) may "take a rule as of course on the moving party to show cause why he should not proceed as above," i.e., why depositions should not be taken or the matter set for argument. Thus, to repeat, Rule 209 authorizes the court to direct the taking of depositions. Further, Rule 209 embodies its own sanctions as follows: "If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, *in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.*" (Emphasis supplied.)

---

3. Rule 209 applies to preliminary objections raising questions of jurisdiction. Such preliminary objections are considered as a "petition" under the rule: Harrington v. Romano, 18 D. & C. 2d 412 (1959).

Defendant is quite correct that Rule 4019, the general rule authorizing sanctions, does not specifically authorize the imposition of sanctions where there is a refusal to complete depositions under Rule 4003. We may fairly speculate that such authorization was withheld in 4019 because of the sanction relief afforded 4003 depositions by Rule 209.[4]

In any event, notwithstanding plaintiffs' motion to compel defendant's deposition was predicated on Rule 4019, we believe the motion can be treated as a Rule 209 motion, and that the order directing defendant to appear for depositions was therefore appropriate and should be sustained. The sanction should be stricken for reasons stated above.

---

4. We may also pause to speculate whether the sanction relief afforded by Rule 209 will in all cases be sufficient. On petitioner's failure to appear for depositions, "all averments of fact . . . properly pleaded in the answer shall be deemed admitted." In some situations, it may not be possible to file more than a general denial. In such case, the quoted sanction would be no help, whereas the standard sanctions of Rule 4019 would.